ALANSON HIGBIE, Executor, etc., Respondent, *v.* THE GUAR-
DIAN MUTUAL LIFE INSURANCE COMPANY OF NEW YORK,
Appellant.

In an action upon a policy of life insurance it is not competent to ask the
medical examiner of the assured as to the effect certain assumed facts
would have had upon his judgment and action had they been disclosed
to him. Such questions do not call for the opinion of the witness in a
matter of science connected with his profession. In order to make the
opinion of an expert competent evidence it must be based upon facts, not
upon conjecture. He is not necessarily restricted to his own observa-
tion, but may give an opinion based upon facts proved by others, or
upon hypothetical cases, when pertinent to the issue; and evidence has
been given tending to prove the assumed facts.

Where a physician had testified that he had not sufficient knowledge to
enable him to form or express a medical opinion as to the cause or char-
acter of certain symptoms. *Held*, that evidence as to the impression
made upon his mind by casual intercourse with the assured was properly
excluded.

All persons of ordinary understanding are competent to form an opinion
whether one whom they have had an opportunity to observe appears to
be sick or well.

Statements in an application for a policy of life insurance are in the nature
of warranties, and if untrue in fact avoid the policy, although immate-
rial; but verbal representations, in the absence of fraud, need only be
substantially correct, and in particulars material to the risk.

Accordingly, *held*, that a refusal of the court to charge that if statements
made to the medical examiner were untrue, whether intentionally false
or not, it would vitiate the policy, was not error.

(Argued March 25, 1873; decided May 13, 1873.)

THIS was an action upon a policy of life insurance. The defence was based upon alleged misrepresentations made by the assured in the application and to the medical examiner. Upon the trial, evidence was given showing that the assured had for several years before the application for the policy been subject to severe headaches, and had been in the habit of using laudanum.

The medical examiner, called as a witness for defendant, was asked in substance whether if he had been advised of these facts it would have called upon him to make further inquiries, and as to the effect such knowledge would have had upon his answer to the question as to the propriety of taking the risk. These questions were objected to and objection sustained. *Held*, no error. (See *Rawls* v. *Am. Mut. L. Ins. Co.*, 27 N. Y., 282.)

A non-professional witness was called by defendant to show the mental condition of the mother of the assured. After detailing various acts and declarations of the mother, he was asked whether those things he saw and heard struck him as rational or irrational. The evidence was excluded. *Held,* that, as there was no representation in the application as to the sanity of the mother, and as there was no averment in the answer or attempt to prove upon the trial that the assured inherited the alleged disease of the mother, or was ever deranged, the evidence was immaterial. The propriety of the question to a non-expert was, therefore, not passed upon.

A physician called by defendant, after describing certain symptoms he saw in a casual acquaintance, indicative that the assured had severe headaches, was asked whether he knew enough from what he saw, and the information received from the deceased, to determine as to the character of these headaches. He answered in substance that he got an impression sufficient to satisfy his own mind, but not enough to base a medical opinion upon. He was then asked to state the impression made upon his own mind, which question was, upon objection, excluded. *Held*, no error, as it called for an opinion based upon conjecture simply ; that the opinion, to be proper evidence, must be based upon facts; that, while medical men are not restricted to their own observations, but

may give an opinion upon facts proved by others, or upon hypothetical cases when pertinent to the issue, and evidence has been given tending to prove the facts assumed, they cannot speak from mere impressions.

The defendant's counsel asked the court to charge the jury that if statements made by the assured to the medical examiner were untrue, whether intentionally false or not, it would vitiate the policy. The court declined so to charge. *Held*, no error; that while, inasmuch as the policy contained a clause that if representations made in the application were in any respect untrue, the policy should be null and void, a misstatement therein would avoid the policy without regard to its materiality, yet, as to mere verbal representations, the materiality of the statement, in the absence of fraud, is the controlling element in determining its effect, and, if immaterial, it would not affect the contract; that the request was in effect to charge that any statement made to the examiner, although made innocently and in good faith, and as to a fact not material to the risk or at all influencing the action of the insurers, if untrue, would avoid the policy, and that such an instruction would have been error.

Among the printed questions to the medical examiner was this: " Are the functions of the brain, the muscular and nervous system, in a healthy state ? " This he answered in the affirmative. He testified that he put the question to the applicant in this form, as better adapted to his capacity : " Have you ever had any difficulty with your head or brain ? " And that he answered no. *Held*, that the question evidently pointed to mental unsoundness, or some functional or organic derangement of the head or brain, and was so understood by the examiner and the applicant; that it did not include a temporary or occasional physical disturbance, the result of accidental causes ; that there was no evidence that the recurrence of the periodical attacks of headache had an origin or cause indicating any such unsoundness or derangement or any permanent disease, or that the fact of their existence was at all material to the risk. For the reason, therefore, that there was no evidence of the untruthfulness of the representation, the court declined to pass upon the question as to the propriety

of a charge of the court; that the policy would not be vitiated, although the representation was not strictly true, if the applicant answered the question truthfully as he understood it and as he knew his own case.

*George F. Danforth* for the appellant.

*W. F. Cogswell* for the respondent

ALLEN, J., reads for affirmance.
All concur except CHURCH, Ch. J., not sitting, and FOLGER, J., not voting.
Judgment affirmed.